UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KERRY, INC.,

      Plaintiff,

vs.                                                                        Case No.: 8:10-cv-2209-T-27MAP

LAKELAND COLD STORAGE, LLLP,

      Defendant.

_____/

## ORDER

**BEFORE THE COURT** is Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. 10). Defendant contends that this diversity action must be dismissed because a limitation of liability provision in the parties' contract reduces Plaintiff's available recovery to well below the jurisdictional threshold. Because it does not appear to a legal certainty that the amount in controversy is actually less than $75,000, the motion (Dkt. 10) is DENIED.

### Background

Kerry, Inc. manufactures, sells, and distributes food ingredients that are incorporated into other products. To facilitate distribution of its ingredients, Kerry entered into a contract with Lakeland Cold Storage, LLLP, in which Lakeland agreed to receive, store, and deliver Kerry's products to its customers. Pursuant to the contract, Kerry sent Lakeland several drums containing two different types of apple flavoring: "Granny Smith Apple Essence" and "AP5027, Apple Essence, 150X." Lakeland stored the drums in its facility, pending Kerry's delivery instructions.

Kerry directed Lakeland to deliver 80 drums of Granny Smith Apple Essence to its customer, Cliffstar. When the carrier arrived, Lakeland did not fill the order as directed. Instead, Lakeland loaded the carrier's truck with 53 drums of Granny Smith Apple Essence and 27 drums of Apple

Essence 150X. Neither Kerry nor Cliffstar was aware of the error.

After receiving the delivery, Cliffstar began incorporating the apple flavoring into its finished product. Nearly a month passed before Lakeland advised Kerry that the delivery had mistakenly included drums of the wrong apple flavoring. Kerry immediately informed its customer, who ceased using the Apple Essence 150X drums.

The product Cliffstar produced from Apple Essence 150X was not suitable for sale. As a result, Cliffstar sustained $104,739.50 in damages, consisting of the value of the finished goods that were unsuitable for sale, as well as disposal costs, lost production charges, and freight costs.

Kerry reimbursed Cliffstar for the damages and filed this action for breach of contract, negligence, and contribution. Lakeland moved to dismiss, arguing that the required amount in controversy cannot be satisfied due to a limitation of liability provision in the parties' contract. The contract states:

> SECTION 9 - LIABILITY AND LIMITATION OF DAMAGES
> . . .
>
> (d) IN THE EVENT OF LOSS, DAMAGE OR DESTRUCTION TO GOODS FOR WHICH THE COMPANY [Lakeland] IS LEGALLY LIABLE, STORER [Kerry] DECLARES THAT COMPANY'S LIABILITY SHALL BE LIMITED TO THE LESSER OF THE FOLLOWING: (1) THE ACTUAL COST TO STORER OF REPLACING, OR REPRODUCING THE LOST, DAMAGED, AND/OR DESTROYED GOODS TOGETHER WITH TRANSPORTATION COSTS TO WAREHOUSE, (2) THE FAIR MARKET VALUE OF THE LOST, DAMAGED, AND/OR DESTROYED GOODS ON THE DATE STORER IS NOTIFIED OF LOSS, DAMAGE AND/OR DESTRUCTION, (3) 50 TIMES THE MONTHLY STORAGE CHARGE APPLICABLE TO SUCH LOST, DAMAGED AND/OR DESTROYED GOODS, (4) $.50 PER POUND FOR SAID LOST, DAMAGED, AND/OR DESTROYED GOODS. . . .
>
> (e) The COMPANY'S liability referred to in Section 9(d) shall be STORER'S exclusive remedy against COMPANY for any claim or cause of action whatsoever relating to loss, damage and/or destruction of GOODS and shall apply to all claims including inventory shortage and mysterious

2

> disappearance claims unless STORER proves by affirmative evidence that COMPANY converted the GOODS to its own use. STORER waives any rights to rely upon any presumption of conversion imposed by law. In no event shall STORER be entitled to incidental, special, punitive, or consequential damages.

(Dkt. 10-1, Lakeland Cold Storage, LLLP, Contract Terms and Conditions). Lakeland contends that the calculations in Section 9(d) cap Kerry's damages at just over $2000. Kerry argues that the provision is inapplicable, because none of its goods were lost, damaged, or destroyed.

## Discussion

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Because this action was originally filed in federal court, Kerry had the burden to allege sufficient facts to establish jurisdiction and, if challenged, to support those allegations. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938). The parties' citizenship is not in dispute. As for the amount in controversy, Kerry alleged that its damages exceed $75,000. To the extent this allegation was made in good faith, it is controlling. *See id.* at 288. But if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount," this action must be dismissed for lack of jurisdiction. *Id.* at 289.

Federal subject matter jurisdiction may be challenged under Rule 12(b)(1) by a "facial attack" to the allegations in the complaint or a "factual attack" to the actual facts supporting jurisdiction. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). Because Lakeland brings a factual attack, both parties have moved beyond the pleadings and submitted evidence in support of their positions. Kerry filed an affidavit describing damages of $104,739.50. Lakeland submitted an affidavit which attached a copy of the parties' contract.

As a preliminary matter, Kerry's proffer is sufficient to establish subject matter jurisdiction. Lakeland, however, contends that recovery of the jurisdictional minimum is precluded by the limitation of liability provision. Although this is an affirmative defense that Lakeland must prove,

3

Lakeland appears to argue that Kerry has the burden of demonstrating the *inapplicability* of this defense on a "factual challenge" to federal jurisdiction.

It is true that the party invoking federal jurisdiction must demonstrate that jurisdiction is proper. And, generally, when resolving a factual challenge under Rule 12(b)(1), "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Morrison*, 323 F.3d at 925 (quotation omitted). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue." *Id.* (quotation omitted).

But in this action, the availability of Lakeland's limitation of liability defense depends on whether, under the particular facts of this case, Kerry's goods were lost, damaged, or destroyed. This, of course, is a factual issue requiring an adjudication on the merits. "When the issue of jurisdictional amount is intertwined with the merits of the case, 'courts should be careful not to decide the merits, under the guise of determining jurisdiction, without the ordinary incidents of a trial.'" *Johns-Manville Sales Corp. v. Mitchell Enters., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969) (quotation omitted).[1] Under such a circumstance, the "proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). "This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion . . . ." *Id.* Accordingly, even though Lakeland has made a factual challenge to federal jurisdiction, "a summary judgment

---

[1] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

standard" must be applied because "the jurisdictional question is intertwined with the merits." *Miccosukee Tribe of Indians of Fla. v. United States*, 105 F.3d 599, 603 (11th Cir. 1997).

Under this standard, Lakeland has not demonstrated to a legal certainty that the contract limits Kerry's available recovery to an amount less than $75,000.[2] "[C]ontracts purporting to grant immunity from, or limitation of, liability must be strictly construed . . . ." *Robert C. Herd & Co. v. Krawill Mach. Corp.*, 359 U.S. 297, 305 (1959). By its terms, the limitation of liability provision only applies "IN THE EVENT OF LOSS, DAMAGE OR DESTRUCTION TO GOODS." The four calculations that determine the liability cap further clarify that the provision is limited to situations where goods have been "LOST, DAMAGED, AND/OR DESTROYED." Likewise, the exclusive remedy provision in Section 9(e) only applies to claims and causes of action "relating to loss, damage and/or destruction of GOODS." Accordingly, Kerry's claim must involve "loss," "damage," or "destruction" to "goods."

The contract defines "goods" as "[t]he personal property and/or any portion thereof which is described herein and/or which COMPANY has agreed to receive and/or store pursuant to this Warehouse Receipt." (Dkt. 10-1). Therefore, the "goods" referred to in the limitation of liability provision are the goods that Kerry stored with Lakeland, not the customer's finished goods. Because the remaining terms are not defined, they must be given their plain and ordinary meaning, which is determined by reference to the dictionary. *Beans v. Chohonis*, 740 So. 2d 65, 67 (Fla. 3d DCA 1999). Webster's Dictionary defines "loss" as the "failure to keep possession." Webster's Third New International Dictionary Unabridged 1338 (1993). "Damage" is defined as "injury or harm to person, property, or reputation." *Id.* at 571. "Destruction" is defined as "the action or process of destroying a material or immaterial object." *Id.* at 615.

---

[2] Regardless of which party has the burden on Lakeland's factual challenge based on an affirmative defense, it does not appear to a legal certainty that the limitation of liability provision reduces Kerry's damages to an amount less than the jurisdictional threshold.

Considering the plain meaning of these terms, this action does not involve any loss, damage, or destruction to Kerry's goods. Kerry's claim has nothing to do with the "loss" of any apple essence drums, as Kerry is not seeking to recover damages related to the value of the drums. (*See* Dkts. 19, 20). Nor has Kerry alleged that the drums were somehow damaged or destroyed. Kerry's claim is simply that Lakeland delivered the wrong product to its customer. Under the plain language of the contract, the limitation of liability provision does not apply.

One additional point should be addressed. In making its argument, Lakeland quoted the limitation of liability provision and emphasized the portion which stated, "In no event shall STORER be entitled to incidental, special, punitive, or consequential damages." (Dkt. 10 at 13). However, Lakeland failed to develop any argument surrounding this term or its applicability to any damages sought by Kerry. Kerry did attempt to respond to a hypothetical argument regarding this provision. But in the absence of a clear argument by Lakeland, supported by citation to relevant authority, the potential effect of this term on Kerry's damages will not be considered.

## Conclusion

In sum, it does not appear to a legal certainty that the amount in controversy is actually less than $75,000. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. 10) is DENIED. Defendant shall answer the complaint within 14 days.

**DONE AND ORDERED** this _24th_ day of May, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

6